Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9142 | DATE | 7/14/2003 |
| CASE TITLE | | In Re: Joseph Savard | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Bankruptcy Appeal

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the judgment of the Bankruptcy Court is affirmed. All other motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 15 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 12 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. Judge Black | U.S. DISTRICT COURT | | |
| klb (lc) | courtroom deputy's initials | 03 JUL 14 PM 3:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| JOSEPH SAVARD, ) | |
| ) | |
| DEBTOR, ) | No. 02 C 9142 |
| ) | |
| LOUIS W. LEVIT, AS TRUSTEE OF THE ) | |
| ESTATE OF JOSEPH SAVARD, ) | |
| ) | |
| PLAINTIFF-APPELLANT ) | |
| ) | |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| JOSEPH P. SAVARD, ) | |
| ) | |
| DEFENDANT-APPELLEE. ) | |

ENTERED
JUL 15 2003

## MEMORANDUM OPINION AND ORDER

Louis W. Levit ("Levit"), the Trustee of the Estate of Joseph Savard, Debtor, sought sanctions in the amount of $9,000.00 against Attorney Edward P. Freud ("Freud") and his law firm, Ruff, Weidnaar & Reidy ("Ruff"), for a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure which is the Bankruptcy counterpart of Rule 11 of the Federal Rules of Civil Procedure. The Bankruptcy Court granted Levit's motion for sanctions in the amount of $500. Before this Court is Levit's appeal from the final Order of the Bankruptcy Court entered on December 3, 2002. This Court has reviewed the judgment of the bankruptcy court, the record, and the briefs of the parties. For the reasons set forth below, the decision of the bankruptcy court is affirmed.

I.    Factual Background

-1-

Joseph Savard ("Debtor") filed a voluntary petition in the Bankruptcy Court for relief under Chapter 7 of the Bankruptcy Code on September 29, 2000. The sole asset was the Debtor's interest in a single family residence occupied by the Debtor and his wife, Evelyn Savard. At the time of the commencement of the bankruptcy case, the said real estate was subject to two mortgages. One mortgage was held by Old Kent Bank securing an indebtedness of approximately $4,000. The other mortgage was a home equity mortgage held by Republic Bank of Chicago ("Republic Bank") securing an indebtedness slightly in excess of $148,000.

On or about May 24, 2001, pursuant to an order approving the sale of real estate, this estate's interest in said real estate above described was sold and quit claimed for $35,000, subject to all valid liens and encumbrances of any nature and description, including, without limitation, the Republic Bank mortgage note and equity home loan agreement. The purchaser at said sale was Lynne Glennon, the daughter of the Debtor and his wife, Evelyn. On March 12, 2002, Republic Bank filed with the Clerk of the Court Proof of Secured Claim in the sum of $148,158.04, bearing the signature of Edward P. Freud. On or about June 19, 2002, Joseph R. Brehm ("Brehm"), a paralegal employed by Ross & Hardies, telephoned Freud and requested him to withdraw the Proof of Secured Claim since the real estate covered by that claim had been sold subject to all of Republic's rights. Freud refused. On or about July 17, 2002, Levit telephoned Freud and repeated the request for withdrawal of the Proof of Claim. Freud again refused.

On or about July 24, 2002, Levit served upon Freud, but did not file with the Clerk of the Court, a Motion to Impose Sanctions together with Notice that the same would be presented to the Court on August 26, 2002, provided, as required by Bankruptcy Rule 9011 that if the Proof of Claim were withdrawn within 21 days, neither the Motion, Notice, nor the proposed Order accompanying

the same would be filed with the Court. At the same time, Levit filed with the Court a formal Objection to the allowance of the Secured Claim together with notice that the same would be presented to the Court on August 26, 2002. On October 3, 2002 the mortgage debt was paid in full and Republic withdrew its claim.

On August 26, 2002, Judge Black was unavailable and the hearing was continued until November 20, 2002. At the commencement of the November 20 hearing, the parties agreed that, except as to the attorneys' fees and other expenses which the Estate alleged it had incurred because of Freud's conduct in refusing to withdraw the claim, there was no real dispute as to the essential facts. At the hearing, Freud explained that in filing the claim he relied on 11 U.S.C. § 502, which provides that a claim is to be allowed or disallowed "as of the date of the filing of the petition." (Tr. 11/20/02, p. 22, lines 3-5). After hearing argument from both sides, the Court considered the matter in chambers and then announced its ruling. The Court held that "after the discharge of the debtor and the sale of the residence the claim that the bank filed could never have been allowed under the law." (Tr. 11/20/02, p. 21, line 25 - p.22, lines 1-3). Thus, the Court found that under 9011(b)(1), the filing of the claim "could never have been for any proper purpose" and that it was filed "to cause unnecessary delay or needless increase in the cost of the litigation." (Tr. 11/20/02, p. 22, lines 7-11). Nonetheless, the Court did not award the full amount of attorneys' fees because it found that "the blame is not entirely on one side." The Court found that the parties "failed to communicate." (Tr. 11/20/02, p. 23, lines 15-16). The Court imposed a sanction of $500 against Freud and his firm because it believed $500 was "sufficient to deter any repeat of similar conduct that will under all the circumstances be fair to the estate and to the bankruptcy process." (Tr. 11/20/02, p. 23, lines 20-25). This appeal followed.

II.     Discussion

This Court sits as an appellate court for bankruptcy court proceedings. Accordingly, the Court must accept factual determinations of a bankruptcy court unless clearly erroneous. Bankruptcy Rule 8012. The District Court reviews Bankruptcy Court's imposition of Rule 9011 sanctions for an abuse of discretion. Matter of Excello Press, Inc., 967 F.2d 1109, 1112 (7th Cir. 1992). An abuse of discretion is defined as a decision "with no evidence to support it or as a decision based on an improper understanding of the law." Bal v. Moyer, 883 F.2d 45, 46 (7th Cir. 1989).

Rule 9011(c)(2) provides that the sanction may include ". . . an order directing payment to the Movant of <u>some or all</u> of the reasonable attorneys fees and other expenses incurred as a direct result of the violation." (emphasis added). Levit argues that he is entitled to all attorneys fees and costs. As set forth above, however, Rule 9011 provides that the imposition of attorneys fees and recoverable costs are within the Bankruptcy Court's sound discretion, and the Amended Rule specifically envisions that the Court may award some, but not all, of the reasonable attorneys fees incurred as a direct result of the violation. Deterrence, rather than compensation, is the primary purpose of any sanction award. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (discussing Fed. R. Civ. P. 11). Imposing all of the costs the opposing party incurred during the course of litigation is, ipso facto, fee-shifting and should be reserved for only the most egregious situations. Cf. Chambers v. Nasco, Inc., 501 U.S. 32, 56, 111 S.Ct. 2123, 2139 (1991) (upholding district court's decision, where litigant had been warned repeatedly about his conduct, that "full attorney's fees were warranted due to the frequency and severity of [the litigant's] abuses and the resulting need to ensure that such abuses were not repeated").

In this case, the Bankruptcy Court specifically found that $500 was "sufficient to deter any repeat of similar conduct." (Tr. 11/20/02, p.23, lines 20-25). The Court further found that said amount "will under all the circumstances be fair to the estate and to the bankruptcy process." Id. The Court based its determination on what it found to be a failure to communicate. The Bankruptcy Court believed that both parties were to blame for the communication failure. The Bankruptcy Court's ruling was not an abuse of discretion. No evidence was introduced that Freud had previously been sanctioned by any court. Levit did not offer any evidence, or even propose an amount of pecuniary sanction which would satisfy the requirements of the rule. Further, the record is devoid of any effort by Levit to communicate with Freud concerning the resolution of the Motion for Sanctions prior to the hearing, even after the Claim at issue was withdrawn. Thus, there is absolutely nothing in the record to contradict, let alone reverse, the Bankruptcy Judge's carefully crafted sanction tailored to the facts and circumstances of this case.

In his Appellant's Brief, Levit posed an issue that was not included on his statement of issues presented for review. The issue is "Does Filing a Motion for Sanctions Per Se Establish that the Maker of the Motion Has Been Guilty of Failure to Communicate?" Freud argues that the issue is waived because it was not designated within ten days after filing the Notice of Appeal, in accordance with Bankruptcy Rule 8006. Generally "[a]n issue not presented in the court below cannot be raised for the first time on appeal and form the basis for reversal." In re Jones, 71 B.R. 682, 685 (S.D. Ill.1987), citing, Country Fairways, Inc. v. Mottaz, 539 F.2d 637, 642 (7th Cir.1976). The Bankruptcy Court in the case at bar found that there was a failure to communicate between the parties. Since the Bankruptcy Court made an explicit finding on this issue, it is "presented by the record" and is reviewable by this court on appeal. See Newman v. Magill, 99 B.R. 881, 884 (C.D.

Ill.1989), aff'd, 903 F.2d 1150 (7th Cir.1990). Nevertheless, Levit mischaracterizes the Bankruptcy Court's holding. The Bankruptcy Court did not find that the filing of the Motion for Sanctions *per se* established that the maker of the motion had failed to communicate. The filing of the motion was understandable in light of Freud's conduct in filing the Claim. The Bankruptcy Court inferred that the parties had been unable to work out their dispute because they were in court for a hearing. In light of the fact that the claim had been withdrawn approximately seven weeks prior to the hearing, the Bankruptcy Court found that the inability to work out the dispute was due to a failure to communicate, for which both parties were to blame. This was a factual determination. Contrary to Levit's argument in his reply brief, the Bankruptcy Court did not award a fraction of the damages sought simply because Levit "elected to seek the precise remedy that the Bankruptcy Rules afford!" The Bankruptcy Court did not adopt a per se rule and its ruling was not based on an improper understanding of law. Thus, the Bankruptcy Court's factual finding was not clearly erroneous.

## Conclusion

For the foregoing reasons, the judgment of the Bankruptcy Court is affirmed.

Enter: _/s/ David H. Coar_

David H. Coar
United States District Judge

Dated: July 14, 2003